IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:17-cr-0005 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HEATHER MICHELLE YARBER, | ) By:  Michael F. Urbanski |
| | ) Chief United States District Judge |
| Petitioner | ) |

## MEMORANDUM OPINION

Heather Michelle Yarber, a federal inmate currently serving a 120-month sentence for a drug offense, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 271. On May 28, 2019, the United States filed a motion to dismiss to which Yarber responded on July 2, 2019. ECF Nos. 279, 281. For the reasons set forth below, the court **GRANTS** the government's motion to dismiss and **DISMISSES** Yarber's motion for § 2255 relief.

## BACKGROUND

On January 19, 2017, Yarber was charged in an indictment with one count of conspiring with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 3. On May 8, 2017, Yarber entered into a written plea agreement in which she pled guilty to the charge in the indictment. Plea Agreement, ECF No. 133 at 1. She agreed to waive her right to appeal, except as to any issue which could not be waived by law. She further agreed to waive any right to collaterally attack her conviction or sentence, except for an attack based on

ineffective assistance of counsel. Id. at 7-8. She acknowledged that the United States retained all the rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. § 5K1.1, and 18 U.S.C. § 3553(e), and that even if she fully cooperated with law enforcement, the United States was under no obligation to make a motion for the reduction of her sentence. Id. at 4.

Yarber entered a guilty plea the same day. ECF Nos. 132, 134. The court explained that the offense to which she was pleading guilty carried a statutory mandatory minimum sentence of 10 years. Plea Hr'g Tr., ECF No. 278 at 5. The prosecutor explained what the government would have to show to prove guilt and the key terms of the plea agreement, and Yarber stated that she understood both. Id. at 9-12. The court explained to her that there was no guarantee that the government would file a substantial assistance motion and she should assume that it would not. Id. at 18. The court asked Yarber if she was pleased with the representation she had received from her attorney and she said that she was. Id. at 38-39.

A sentencing hearing was held on March 21, 2018. ECF Nos. 229, 277.[1] Upon questioning, Yarber stated that she remained fully satisfied with the advice and representation provided by her counsel. Sent. Hr'g Tr., ECF No. 277 at 3. Yarber's counsel said she had gone over the Presentence Investigation Report ("PSR") with Yarber several times and they had no objection to it. Id. at 5. After hearing testimony from witnesses and argument from counsel, the court sentenced Yarber to the statutory mandatory minimum sentence of 120 months. That sentence was below the 168-to-210-month range set forth in the United States Sentencing

---

[1] Yarber's case initially was assigned to the Hon. Glen Conrad, who took her guilty plea. On December 8, 2017, Yarber's case was transferred to the undersigned. ECF No. 209.

Guidelines based on 1.5 to 5 kilograms of methamphetamine and Yarber's criminal history. Id. at 53.

Yarber did not file a direct appeal. She filed this § 2255 motion on April 1, 2019 and argues that her attorney provided ineffective assistance of counsel. She asserts that her attorney failed to (1) move for suppression of evidence obtained during an illegal detention and interrogation; (2) review statements from Yarber's co-defendants which would have resulted in discovery of false statements they made about Yarber; (3) challenge the illegal and forced search of Yarber's residence which was the result of coercion because Yarber was intoxicated; and (4) hold the government accountable for Yarber's vast amount of cooperation.

At the time she filed her motion for § 2255 relief, Yarber asked for 30-45 days to conduct additional research and obtain evidence to support her claims. Although the court did not rule on her request, it notes that the government's motion to dismiss was filed on May 28, 2019, ECF No. 279, and the court sent Yarber a notice on that same day telling her that she would have an additional 21 days to submit further counter-affidavits or other evidence contradicting, explaining, or avoiding respondent's evidence. ECF No. 280. Yarber filed her response to the motion to dismiss on July 2, 2019. The court finds that she has had ample time to research her claims and gather evidence to support them.

## APPLICABLE LAW

### A. 28 U.S.C. § 2255

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner collaterally attacking her conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that she is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

### B. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: she must show both that counsel's performance fell below an objective standard of reasonableness and that she was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" Gray, 529 F.3d at 228 (quoting Strickland, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. When a petitioner argues that she

4

received ineffective assistance of counsel as part of a plea agreement, she must show that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### (1) Suppression of Evidence

Yarber claims that her attorney should have moved to suppress evidence obtained during an illegal detention and interrogation and should have challenged the constitutionality of a search of Yarber's residence. To the extent Yarber is challenging the evidence obtained by law enforcement during the detention and search, Fourth Amendment claims are not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. See Stone v. Powell, 428 U.S. 465, 494 (1976). Yarber did not raise this claim on direct appeal and, thus, cannot raise it collaterally in this § 2255 petition.

The fact that Yarber waived her right to direct appeal does not change this analysis. In United States v. Linder, 552 F.3d 391 (4th Cir. 2009), the defendant waived his right to appeal his conviction and sentence. Nevertheless, he filed a direct appeal and the government moved to dismiss the appeal based on the waiver. Id. at 394 (citing United States v. Linder, 174 F. App'x 174, 175 (4th Cir. 2006)). After his direct appeal was dismissed, Linder moved for relief under § 2255, raising essentially the same challenge he raised on direct appeal. Id. at 395. The Fourth Circuit found that by filing the § 2255 motion, Linder was trying to circumvent the terms of his plea agreement but could not do so. Id. at 392, 396-97. "'Where the petitioner only waives his right to appeal, he is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal.'" Id. at 397 (quoting Brian R. Means, Fed. Habeas Practitioner Guide, Jurisdiction ¶

5

1.23.0 (2006/2007 ed.)). Thus, Yarber is foreclosed from challenging the constitutionality of searches made by law enforcement via this § 2255 petition.

Although Yarber can raise an ineffective assistance of counsel claim in a § 2255 petition, her claims of ineffective assistance based on the searches are undermined by statements she made at the plea and sentencing hearings. In Blackledge v. Allison, 431 U.S. 63, 71 (1977), the Supreme Court noted that guilty pleas and plea bargains are important components of this country's criminal justice system and properly administered, they benefit all concerned. Representations of the defendant, her lawyer, and the prosecutor at a plea hearing, as well as findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74 (citations omitted). "[I]in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005).

At the guilty plea hearing, the following colloquy occurred between the court and Yarber:

> THE COURT: Ms. Yarber, for your part, are you satisfied with Linda Willis's services in your case, her understanding of the evidence, her ability as your agent to go out and require the government to share with her all of the information that's collected against you, and more to the point, her willingness to make that available to you so you could consider the state of the government's evidence when you determined what plea to make, her willingness to speak with you and

6

> have you give her your side of the story, her understanding of the law that governs your prosecution, and more to the point, her ability to explain those legal terms to you in laymen's language and to help you understand exactly what the law does in a case like yours; her expertise, her experience, her capacity to represent your interests and to offer you adequate explanations so you could understand the evidence, understand your options, understand what the law does in terms of penalties, understand the various ways that you could proceed in this case, and are you satisfied with the work she's done in negotiating a plea agreement that seemingly satisfies you, Ms. Yarber? Are you content with all the services afforded by Linda Willis in the defense of your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything that you want to tell me about the legal representation that you've received that we need to know about before we move forward?
>
> THE DEFENDANT: No, sir.

Plea Hr'g Tr., ECF No. 278 at 39-40. At the sentencing hearing, Yarber reaffirmed that she was fully satisfied with the advice and representation from counsel. Sent. Hr'g Tr., ECF No. 277 at 3.

In addition, when asked to explain why she was pleading guilty, Yarber stated that she conspired or agreed with her co-conspirators to sell methamphetamine. People supplied her with methamphetamine which she in turn sold to others. She was given the methamphetamine up front and promised that she would pay the suppliers later. She believed she was responsible for at least 500 grams of methamphetamine and stipulated in the plea agreement that she was responsible for between 1.5 and 5 kilograms of methamphetamine. Id. at 33-35.

Yarber's allegations about her attorney's short-comings with regard to the failure to file a motion to suppress cannot overcome the fact that she stated under oath that she was satisfied with her attorney's representation and also that she was, in fact, guilty of the methamphetamine conspiracy. Yarber has presented neither evidence nor argument to rebut

the strong presumption that her attorney's conduct fell within the wide range of reasonable professional assistance, which in this case would have meant evaluating the chances of prevailing on a motion to suppress. The court finds that Yarber's attorney provided effective assistance of counsel when she determined that challenging searches done by law enforcement was not warranted.

### (2) Statements of Co-defendants

Yarber also alleges that her attorney provided ineffective assistance because she failed to review false statements from co-defendants. However, Yarber does not identify any person who made a false statement or describe what he or she might have said. "'[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court.'" United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). See also United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) (denying an ineffective assistance of counsel claim because conclusory allegations that an uncalled witness would have denied charges or impeached a witness were insufficient to show prejudice under Strickland). Moreover, Yarber does not explain how review of a false statement by a co-defendant would have caused her to not plead guilty but proceed to trial. Accordingly, the court determines that failure of Yarber's attorney to interview co-defendants was not ineffective assistance of counsel under Strickland.

### (3) Substantial Assistance

Finally, Yarber asserts that her attorney failed to hold the government accountable for Yarber's vast amount of cooperation. However, she does not explain what her attorney failed to do or suggest anything she could have done differently. In addition, the Plea Agreement

explained that that the United States retained all the rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. § 5K1.1, and 18 U.S.C. § 3553(e) and that even if she fully cooperated with law enforcement, the United States was under no obligation to make a motion for the reduction of her sentence. Plea Agreement, ECF No. 133 at 4. The court also explained to Yarber that she should have no expectation that the government would file a substantial assistance motion in her case and that the decision to file such a motion was at the discretion of the government. Sent. Hr'g Tr., ECF No. 278 at 18-19. Yarber's conclusory allegation that her attorney did not secure a reduction in her sentence based on substantial assistance is insufficient to show that her attorney provided ineffective assistance of counsel.

## CONCLUSION

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 279, and **DENIES** Yarber's motion for relief under 28 U.S.C. § 2255, ECF No. 271. Because Yarber has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

An appropriate Order will be entered.

Entered: April 15, 2020

Michael F. Urbanski

Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western District of Virginia, ou=United States District Court, email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.04.15 14:18:09 -04'00'

Michael F. Urbanski
United States District Judge