IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 7:17-cr-00005 |
| ) | |
| HEATHER MICHELLE YARBER, ) | By: Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Heather Michelle Yarber's second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 306. Yarber's first motion, ECF No. 286, was denied without prejudice for failure to exhaust her administrative remedies. ECF No. 303. After filing her first motion, the court appointed the Federal Public Defender to investigate whether Yarber has a valid claim for compassionate release. ECF No. 287. The Federal Public Defender found no grounds or evidence to supplement Ms. Yarber's *pro so* request. ECF No. 300. The government has opposed Yarber's initial motion and her second one. ECF Nos. 301, 316. Yarber has since filed a supplemental letter in which she appears to request resentencing under Section 404 of the First Step Act. ECF No. 304. The government also opposes this motion. Because the court finds that neither presents grounds to justify her release, Yarber's motions are **DENIED**.

I.

On May 8, 2017, Yarber entered into a written plea agreement in which she pleaded guilty to one count of conspiring with the intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(A). ECF No. 133. On March 21, 2018, Yarber was sentenced to 120 months of incarceration. ECF No. 234. Yarber has been in continuous custody since May 8, 2017, and has served less than half of her sentence. ECF No. 308 at 2. Yarber is scheduled to be released November 24, 2025,[1] and may be eligible for home confinement earlier that same year.[2]

Yarber seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Yarber details the risks faced by incarcerated individuals during the COVID-19 pandemic, but she does not allege that she suffers from any specific health conditions elevating her risk of severe illness should she contract the virus. See ECF No. 306 at 2, 5–8. Rather, Yarber focuses on the health conditions of her spouse and her parents who are caring for four of their grandchildren, though she does not allege that either of them is incapacitated or caring for *her* minor children. Id. at 22; ECF No. 322 at 4. Yarber asks the court to reduce her sentence to home confinement or, in the alternative, immediate release to a halfway house to allow for her transition to home confinement. ECF No. 306 at 28. The government opposes any sentence reduction for Yarber. ECF No. 316. This matter is fully briefed and ripe for disposition.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2020) (search "Heather Michelle Yarber").
[2] The parties dispute the exact date that Yarber might be eligible for home confinement and have not submitted evidence to support their projections. See ECF No. 306 at 20; ECF No. 316 at 2.
[3] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

2

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Yarber's requested relief requires the court to consider (1) if she exhausted her administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in her sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Yarber is a danger to the safety of the community.

i. <u>Yarber has fully exhausted her administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Yarber filed a motion for compassionate release with this court on March 26, 2020. ECF No. 286. On June 22, 2020, the court denied without prejudice Yarber's request for failure to exhaust her administrative remedies. ECF No. 303. Yarber filed a request for compassionate release with the BOP the next day. ECF No. 322 at 4. She then filed a second motion with this court on July 6, 2020. ECF No. 306. It is not clear from the record that the BOP responded to Yarber's request or that Yarber exhausted any administrative appeals available through the BOP. However, the government does not contest that Yarber exhausted her administrative remedies. ECF No. 316 at 3–4. Accordingly, the court finds that Yarber exhausted her administrative remedies. To the extent that Yarber may not have fully exhausted any available administrative appeals, the government has waived the exhaustion requirement.

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the

government failed to raise exhaustion as a ground for denying the motion); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)); United States v. Russo, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020) ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion"). Accordingly, the court finds that the government has waived the exhaustion requirement by not contesting Yarber's satisfaction of it.

    ii.    <u>Yarber does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of her sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

The court finds that Yarber does not present "extraordinary and compelling reasons" to reduce her sentence under Application Note A. Id. at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for

5

compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [her] prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). "When assessing compassionate release motions during the pandemic, the Court examines the Center[s] for Disease Control and Prevention's [(CDC)] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC has issued guidance on specific risk factors that place individuals at a higher risk of severe outcomes from COVID-19.[4]

Yarber, an inmate at FCI Tallahassee, does not allege that she suffers from any conditions that put her at a particularized risk should she contract COVID-19. Instead, she alleges that her health is threatened because the BOP has handled the pandemic poorly and, specifically, FCI Tallahassee has inadequate ventilation, cleaning procedures, personal protective equipment, and space for social distancing. ECF No. 306 at 2–8. Indeed, at the time this opinion was written, FCI Tallahassee had 109 confirmed active cases of COVID-19, including 93 inmates and 16 staff members.[5] These general concerns about the pandemic, though compelling, do not satisfy the statute's requirements. While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir.

---

[4] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 16, 2020).
[5] Federal Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Oct. 27, 2020) (interactive map of COVID-19 cases at each facility).

6

2020). Because the court finds that Yarber has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny her motion.

The court finds that Yarber also does not present "extraordinary and compelling reasons" to reduce her sentence under Application Note C. U.S.S.G. § 1B1.13 at cmt. n. 1(C). This application note allows for the compassionate release of an inmate if (1) the caregiver of the inmate's minor child or children dies or becomes incapacitated, or (2) the inmate's spouse or registered partner becomes incapacitated and the inmate is their only available caregiver. Some courts have granted compassionate release when a close family member beyond the inmate's spouse, partner, or minor child requires the inmate's care, such as a parent or adult child. See, e.g., United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting motion where inmate was only available caregiver of his mother). Other courts have refused to go beyond the listed family members in the application note. See, e.g., United States v. Goldberg, No. 12-180(BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (denying motion in part because parents are not listed under U.S.S.G. § 1B1.13); United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5 (E.D. La. Dec. 27, 2019) (denying motion because inmate's disabled child was not a minor).

Here, Yarber does not satisfy the requirements of either part of Application Note C, even if flexibly construed. Yarber states that her mother has stage two renal failure and a bulging disk that may require surgery. ECF No. 322 at 4. Her father already has undergone back surgery and had a cancerous mass removed from his kidney. Id. Yarber's parents are the primary caregivers of four children, two of whom have special needs. Id.; see also ECF No.

7

306 at 22. Yarber also alleges that her husband "suffers from an array of medical issues." ECF No. 306 at 22. She alleges that she is "the only one healthy and willing to help her family out in their times of need." Id. While the court is sympathetic to the strains on Yarber's family, the circumstances do not justify her release. Yarber does not argue that any of the children in her parents' care are her own minor children. It appears that Yarber is the mother of one daughter who is now a legal adult.[6] Moreover, Yarber does not allege that her mother, her father, or her husband are incapacitated. Should one of Yarber's family members become incapacitated and should she be the only person able to care for them, she may file another petition with this court. At this time, Yarber has not described any of her family members' medical conditions as grave enough to be considered incapacitation as required by Application Note C.[7]

### III.

Yarber also has asked this court to resentence her because she "was given a mandatory minimum of 10 years" of incarceration. ECF No. 304 at 1. She argues that, "[u]nder the FSA, [this court has] the authority to go under that minimum." Id. Yarber seems to argue that her sentenced should be reduced under Section 404 of the First Step Act.[8] Yarber is incorrect for two reasons. First, she was indicted years after the Fair Sentencing Act of 2010 was passed.

---

[6] While the court is unaware of Yarber's daughter's exact age, details in Yarber's presentence report indicate that she is likely 18 or 19 years old. See ECF No. 308 at 12, 18.
[7] Because the court finds that Yarber has not presented extraordinary and compelling reasons to warrant a reduction in her sentence, it need not determine if the § 3553(a) factors weigh in favor of her release.
[8] Section 404 of the First Step Act permits the court to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties that were modified by Section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

Thus, the retroactive application of the Fair Sentencing Act authorized in the First Step Act has no applicability to her case. Second, Yarber was convicted of an offense involving methamphetamine, which is not a "covered offense" under the act. The Fair Sentencing Act, in part, sought to reduce the "significant disparities in the treatment of cocaine base (also known as crack cocaine) as compared to powder cocaine." United States v. Wirsing, 943 F.3d 175, 176–77 (4th Cir. 2019), as amended (Nov. 21, 2019). The penalties applicable to Yarber's methamphetamine offense were not modified by the Fair Sentencing Act and provide no justification for resentencing.

## IV.

For the reasons stated herein, the court **DENIES** Yarber's motion to reduce her sentence under Section 404 of the Fair Sentencing Act, ECF No. 304, and her motion for compassionate release, ECF No. 306. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, her counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: November 19, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.11.19 17:34:03 -05'00'

Michael F. Urbanski
Chief United States District Judge